IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| JOANN WEST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 8:10-1442-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation (R&R) that this court affirm the decision of the Commissioner denying plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons set forth below, this court adopts the magistrate judge's R&R and affirms the administrative law judge's (ALJ) decision.

## I. BACKGROUND

Plaintiff filed an application for DIB and SSI on January 23, 2007, alleging disability as of November 15, 2006. Tr. 13. Her application was denied initially and upon reconsideration. Tr. 49-52. Plaintiff requested an administrative hearing, which was held on June 10, 2009. Tr. 22-44. On March 23, 2009, the ALJ found that plaintiff was not disabled. On April 5, 2010, the Appeals Council rendered the Commissioner's determination final by denying plaintiff's request for a review of the ALJ's decision. Tr. 1-5.

Plaintiff filed this action in federal court on June 4, 2010, and on June 6, 2011, the magistrate judge recommended that this court affirm the ALJ's decision. Plaintiff objected to the magistrate judge's finding that: (1) the ALJ properly evaluated the medical opinion of plaintiff's evaluating physician; (2) the ALJ adequately determined plaintiff's Residual Functional Capacity (RFC); (3) the ALJ gave a sufficient hypothetical to the vocational expert; and (4) the Appeals Council properly evaluated plaintiff's later submitted evidence.

Plaintiff did not object to the majority of the magistrate judge's factual findings, and this court, therefore, adopts those findings. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Plaintiff primarily objects to the interpretation of the facts by the magistrate judge, and plaintiff's contentions are addressed specifically under the relevant objection below.

## II.  STANDARD OF REVIEW

This court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and were reached through application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Arn, 474 U.S. at 149-50. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Although this court reviews the magistrate judge's recommendation de novo, judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as,

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

### III. DISCUSSION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations

establish a sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. pt. 404, subpt. P, app. 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and mental capacities and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The applicant bears the burden of proof during the first four steps of the inquiry, and "[i]f an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Pass, 65 F.3d at 1203 (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

### A. Physician's Opinion

Plaintiff argues that the magistrate judge erred in finding that the ALJ properly evaluated the opinion of Dr. James Ruffing, Psy.D., a psychiatrist selected by the Social Security Administration (Administration) to evaluate plaintiff's psychological condition. Plaintiff asserts that the ALJ failed to properly evaluate and assign sufficient weight to the findings of Dr. Ruffing, an examining, non-treating physician.

Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the applicant has been examined by the physician; (2) the

4

treatment relationship between the applicant and the physician; (3) the adequacy of support for the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527(d) (2005)). If a doctor is plaintiff's "treating physician," the ALJ must generally "accord greater weight" to his medical opinions. Hunter, 993 F.2d at 35. If an ALJ rejects a treating physician's opinion, he must explain his reason for doing so by providing "persuasive contradictory evidence." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983).

Medical opinions of an examining physician will be afforded more weight than opinions of non-examining physicians and are entitled to "especial consideration," but are not entitled to the same weight as those of a treating physician. Grizzle v. Picklands Mather & Co., 994 F.2d 1093, 1098 (4th Cir. 1993); 20 C.F.R. § 404.1527(d)(1). Plaintiff did not object to the magistrate judge's determination that Dr. Ruffing was an examining, non-treating physician.[1] Plaintiff argues that the ALJ improperly rejected Dr. Ruffing's opinion, failed to give it sufficient weight, and failed to state the weight he accorded to it.

The ALJ gave Dr. Ruffing's opinion "especial consideration," discussing it in detail and substantially incorporating it into plaintiff's RFC and vocational hypothetical. Dr. Ruffing found that plaintiff did not have symptoms for a diagnosis

---

[1] "Dr. Ruffing is an examining physician." Pl.'s Obj. 4. Plaintiff was "referred [to Dr. Ruffing] by the disability office for a psychological evaluation based on allegations of depression and lung disease," Tr. 220, and Dr. Ruffing examined plaintiff one time before the ALJ's decision. Tr. 220-23, 359-65. There is no evidence that Dr. Ruffing ever treated plaintiff, much less maintained an ongoing treatment relationship with her. Dr. Ruffing was, therefore, an examining, non-treating physician, and his opinions are not entitled to the same substantial weight or treatment as those of a treating physician. See 20 C.F.R. §§ 404.1527(d), 404.1502; see also Rockwood v. Astrue, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009).

5

of panic disorder, "remained alert, involved, and responsive," was "adequately groomed and dressed," denied suicidal ideation or history, had "relevant and coherent" thoughts and "no loosening of associations [or] tangentially or circumstantial thought processes," demonstrated "intact, immediate recent and remote memory capacity," and that her mental exam scores were likely artificially low due to lack of effort. Tr. 18. Overall,

> Dr. Ruffing concluded that the claimant may have difficulty focusing and attending fully as a result of her emotional distress and instability. She appeared to harbor a great deal of anger, irritability, and resentment which would likely interfere with her capacity to relate appropriately to others. She did appear to have a cognitive ability to perform simple-to-repetitive tasks.

Tr. 19, 223.

The ALJ credited Dr. Ruffing's opinion by limiting plaintiff's RFC to "unskilled work" because plaintiff "may have difficulty focusing" and required "relative isolation" and "limited contact with peers and supervisors" or "the general public." Tr. 17, 21, 39. The ALJ's conclusions are not inconsistent with Dr. Ruffing's opinions on the ultimate issues, and the ALJ gave Dr. Ruffing's opinion the "especial consideration" due to it. Tr. 13-23; see also R&R 18 n.5.

### B. RFC Assessment

Plaintiff argues that the ALJ made an inadequate RFC determination by failing to properly evaluate plaintiff's non-exertional impairments and to perform a function-by-function assessment. Pl.'s Obj. 10.[2]

---

[2] Plaintiff originally argued that the ALJ failed to properly include plaintiff's obesity in his evaluation. Plaintiff now concedes that because she failed to assert obesity as a basis for her disability claims, she is estopped from challenging the ALJ's failure to consider it.

6

### 1. Non-Exertional Capacity

The ALJ limited plaintiff's RFC based on her non-exertional limitations as only being "able to sustain concentration necessary for unskilled work, and requir[ing] relative isolation with limited contact with peers and supervisors," due to the effects of her conditions, singly and in combination. Tr. 17, 21.

The Administration requires,

> As with exertional capacity, non-exertional capacity must be expressed in terms of work-related functions . . . . Work related mental activities generally required by competitive, remunerative work include the ability to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.

SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ also expressly considered the opinion of Dr. Ruffing who found that plaintiff was able to "understand, remember, and carry out simple-to-detailed instructions and to perform simple-to-relative tasks." Tr. 21.

The Administration requires the ALJ to make a reasoned assessment in determining non-exertional capacity. SSR 96-8p. The ALJ easily met this burden in his thorough narrative detailing numerous mental examinations and reports and expressing his findings on the ultimate issue. See, e.g., Mellon v. Astrue, No. 08-2110, 2009 WL 2777653, at *13 (D.S.C. Aug. 31, 2009). The ALJ's findings are supported by substantial evidence.[3]

---

[3] The ALJ extensively discussed plaintiff's psychological conditions. The ALJ noted that plaintiff had never been hospitalized for psychological symptoms, although she has attended out-patient counseling and takes psychotropic medications, examined Dr. Ruffing's findings at length (discussed above), Westgate Family Therapy reports and provisional diagnosis including noted improvement, and considered plaintiff's complaints in her April 2009 records, mental examinations, and global assessment functioning. Tr. 18-20. The ALJ considered plaintiff's ability to perform numerous daily activities, care for her grandchildren, and participate in hobbies, self-care, and chores. Finally, the ALJ

## 2. Function-by-Function Analysis

Plaintiff complains that the ALJ did not perform a function-by-function assessment. The ALJ found that plaintiff had the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to sustain concentration necessary for unskilled work, and requires to work in relative isolation with limited contact with peers and supervisors." Tr. 17. In light of SSR 96-8p, this conclusion implicitly contained a finding that plaintiff is physically able to work an eight hour day and perform the seven strength-based functions to the extent required over that time period. See Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006); Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003) (holding that "the ALJ implicitly found [claimant] was not limited" in his ability to sit, stand, and walk, when the ALJ specifically addressed other limitations in the RFC).

In the present case, the ALJ extensively evaluated each of plaintiff's limitations arising from medically determinable impairments, described the evidence, both objective and subjective at length, and the evidence is clearly connected to his ultimate conclusion. See Conrad v. Barnhart, 434 F.3d 987, 991 (7th Cir. 2006); Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001). The ALJ's thorough narrative clearly explained the basis for the decision that plaintiff retained the ability to perform a full range of unskilled work and did not have limitations in the seven functional areas. SSR 96-8p only requires that the ALJ "assess" or "consider" each

---

examined the Mental RFC assessment completed by Dr. Popkin in July 2007, which he accorded limited weight because portions were not supported by and were inconsistent with medical records. Tr. 21. The ALJ noted, however, that Dr. Popkin agreed that plaintiff could understand, remember, and carry out simple instructions, that plaintiff was able to sustain attention and concentration for two-hour periods at a time to complete a normal workday at an acceptable pace, but may require regular work breaks throughout the day as well as missing one to two days of work per month due to psychiatric symptoms, and that claimant was able to appropriately interact at least casually and informally with the general public, co-workers, and supervisors. Tr. 21.

function and then may "express" the RFC in such terms as light, medium, or heavy. See also 20 C.F.R. § 404.1545. Numerous circuit and district courts have found that "this does not require written articulation of all seven strength demands" in every case.[4] Banks v. Astrue, 537 F. Supp. 2d 75, 85 (D.D.C. 2008).

This is especially true where, as here, the ALJ's decision is detailed and thorough, enabling the reviewing court to easily determine that the ALJ's conclusion is supported by substantial evidence, and where plaintiff failed to carry her burden. See Delgado, 30 Fed. App'x at 547. It is plaintiff's burden to establish a disability in steps one through four of the sequential evaluation analysis. Pass, 65 F.3d at 1203. Plaintiff did not even inform the ALJ that she had physical limitations on her function report; rather, she indicated that her conditions only affected her memory, understanding, concentration, ability to complete tasks, and ability to get along with others, which the ALJ sufficiently addressed as discussed above. Pl.'s Obj. 11; Tr. 146. Based on the foregoing and a review of the record, this court finds that the ALJ's opinion is supported by substantial evidence,[5] and is a reasonable assessment of plaintiff's impairments and conditions.

---

[4] See, for example, Mellon, 2009 WL 2777653, at *13 ("So long as the narrative opinion is sufficiency detailed and cogent on the ultimate issues for the reviewing court to follow the ALJ's logic and reasoning and supported by substantial evidence in the record, then the lack of specific findings on more subordinate issues" does not necessitate remand); Eakin v. Astrue, No. 10-3121, 2011 WL 2580355, at *3 (7th Cir. June 30, 2011) ("Although the ALJ need not discuss every piece of evidence, she must still articulate 'at some minimum level,' her analysis of the evidence."); Delgado v. Comm'r of Soc. Sec., 30 Fed. App'x 542, 547 (6th Cir. 2002) ("Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing.").

[5] The ALJ discussed plaintiff's "chest pain, shortness of breath, panic attacks, depression and anxiety" at length to determine plaintiff's RFC. Tr. 17-21. The ALJ also discussed plaintiff's complaints of mood changes, low energy, poor appetite, family relation problems, and PTSD. Based on evidence discussed in the record, the ALJ found that plaintiff's complaints of chest pain and shortness of breath were consistent with only a "minimal" condition, plaintiff's reports of chest pain were inconsistent, and "inhalers helped her breathing." Tr. 17-18. The ALJ included a detailed analysis of plaintiff's chest examination records, which were "normal and regular." Tr. 20. The ALJ discussed plaintiff's hypertension history in detail, demonstrating that it was greatly improved with medication, and at last

### C. Hypothetical Question

The ALJ found plaintiff able to return to her past work as a bakery line worker and housekeeper. Tr. 21. Despite this determination, the ALJ continued to step five of the sequential evaluation process as an alternative reason for finding plaintiff was not disabled, concluding, based on the vocational expert's testimony, that other jobs existed in the national economy that plaintiff was able to perform. Tr. 21. Plaintiff objects to this conclusion, arguing that the ALJ based her determination on a portion of the vocational expert's testimony made in response to a faulty hypothetical question given by the ALJ regarding plaintiff's ability to perform past relevant work.

When the ALJ determines that a claimant does not satisfy a step of the sequential evaluation method, the ALJ need not consider the subsequent steps of the process. Pass, 65 F.3d at 1203. Since the ALJ found that plaintiff was able to perform past relevant work, normally the court need not analyze the ALJ's findings at step five. In this case, however, the ALJ stated:

> the vocational expert testified that, given the residual functioning capacity as stated herein, claimant could perform her past relevant work as a bakery line worker and housekeeping. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

Tr. 21. Based on this statement, it appears that the Vocational Expert's testimony may be relevant at step four and at step five, and thus should be considered.[6]

---

record, plaintiff had begun receiving counseling to address the causes. The ALJ also found that "while there is mention of lower extremity edema, it improved greatly on Tenoretic." Tr. 20. The ALJ detailed plaintiff's many daily activities, which included shopping; laundry; driving; house chores; paying bills; helping with her grandchildren; going to the flea market, movies and park; preparing meals; and doing yard work. Tr. 20.

[6] The ALJ's findings under step four are supported by substantial evidence throughout her report that plaintiff is able to perform past relevant work. See Tr. 17-21.

> The ALJ asked the Vocational Expert to consider the following hypothetical:
>
> Assume[] the vocational factors of an individual who is 48 years of age at the date of [this] hearing who possesses no severe exertional impairments, however, in the non-exertional area, it would be attention and sustained concentration necessary to perform unskilled work, but would also be work that required relative isolation with limited contact with the general public.

Tr. 39. The magistrate judge correctly found that the hypothetical question proffered to the vocational expert fairly included the limitations contained in plaintiff's RFC assessment. Both the RFC and the vocational hypothetical include a requirement for "relative isolation" during work, and the hypothetical further limits plaintiff's contact with the general public. Based on the hypothetical, the vocational expert was able to give a sufficient opinion regarding occupations that existed in the local and national economies that plaintiff could perform.

### D.  Appeals Council

Plaintiff argues that the magistrate judge erred in finding that the Appeals Council properly evaluated Dr. Ruffing's "second evaluation and clarifying statement." Pl.'s Obj. 7. The Appeals Council stated that it considered the second evaluation and concluded that the "information [did] not provide a basis for changing the [ALJ's] decision" and included the evidence in the record. Tr. 2, 5. The magistrate judge found that no additional scrutiny was required because the evaluation was duplicative and cumulative of other evidence. R&R 30.

Reviewing courts must consider "new" evidence, defined as evidence that is "not duplicative or cumulative." Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991). Plaintiff concedes that the second evaluation is consistent with the first, but argues that it is "new" because it "respond[s] specifically

11

to specific questions he was never asked before, making more general limitations into ones with specific time limitations." Pl.'s Obj. 9. The magistrate judge found that the Appeals Council did not need to explain the weight attributable to the second evaluation because it was not "new" evidence. R&R 29 n.11, 30. The magistrate judge reasoned that while there was more detail in the second evaluation, the evidence was entirely consistent, did not add anything material, and therefore was duplicative.

Reports that are parallel to previously received reports do not need further scrutiny from the Appeals Council. Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). The second evaluation failed to add any substantively new evidence and was therefore "parallel" or "duplicative," thus "no further scrutiny" was required. See, e.g., Alexander v. Astrue, No. 09-0432, 2010 WL 4668343, at *5 (E.D.N.C. July 19, 2010); Meyer v. Astrue, No. 08-3828, 2010 WL 1257626, at *5 (D.S.C. Mar. 25, 2010).

## IV.  CONCLUSION

For the reasons set forth above and by the magistrate judge, the court **ADOPTS** and incorporates by reference the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision denying benefits.  Plaintiff's objections are hereby **OVERRULED**.

        **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**September 27, 2011**
**Charleston, South Carolina**